# Stewart & Co. v. Sonneborn.

### *Action on Judgment, and for Price of Goods sold.*

1. *Notice of dissolution of partnership.* — In an action against a retiring partner, founded on a debt contracted by the firm after his withdrawal, a charge to the jury, instructing them that the defendant is liable unless notice of his withdrawal was given to *all* the persons with whom the firm had dealings, is properly refused.

2. *Same.* — In such case, a charge which assumes that no notice of the dissolution was given unless given by some one of the partners, is properly refused, since the notice would be sufficient if given by an agent having proper authority.

3. *Stay of suit pending proceedings in bankruptcy.* — A pending suit will not be stayed, on motion of the plaintiff, because he has instituted proceedings in bankruptcy against the defendant.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. McCALEB WILEY.

This case was before this court at its January term, 1873, when the judgment was reversed, and the cause remanded. See the case reported in 49 Ala. 178–82. The action was brought by A. T. Stewart & Co. of New York against Meyer Sonneborn, and was founded on certain debts contracted with plaintiffs by E. Leipzeiger & Co. of New York, of which firm said Sonneborn had been a member, but had withdrawn before said debts were contracted. "When the case was called for trial," as the bill of exceptions states, "it was made known to the court, by the plaintiffs' counsel, that since the continuance of this case at the last term, the plaintiffs had filed in the district court of the United States at Montgomery, sitting as a court of bankruptcy, a petition to have said defendant declared a bankrupt; that a warrant of seizure had been issued from said court, under which the United States marshal had seized all of the defendant's goods and effects, and now had them in his custody; that the defendant had appeared in said bankrupt court, by his counsel, and filed his pleas, denying any indebtedness to said plaintiffs, and also denying that he had committed any act of bankruptcy, and claiming the right of a trial by jury on said pleas; and that said cause was now pending in said district court. And plaintiffs thereupon moved the court to suspend all action in the case, and denied the power of the court to try the case until said cause was decided in said bankrupt court, or until the permission of said district court was first obtained. The court overruled said motion and objections, and forced the plaintiffs to a trial; to which ruling the plaintiffs excepted."

The bill of exceptions purports to set out all the evidence adduced on the trial, but it is unnecessary to state it. The plaintiffs asked thirteen charges in writing to the jury, all of which the court gave, except the 2d and the 11th; and to their

[Stewart *v.* Sonneborn.]

refusal an exception was reserved by them. The refusal of these charges, and the overruling of the plaintiffs' motion for a stay of the proceedings, are now assigned as error.

SHORTER & BROTHER, for appellants.

S. H. DENT, JAS. L. PUGH, and D. M. SEALS, *contra.*

B. F. SAFFOLD, J. — The issues of this suit, so far as the transcript informs us, became resolved into à question of notice on the part of the appellants (plaintiffs) of the dissolution of the firm of E. Leipzeiger & Co., by the withdrawal of the appellee (defendant) before the debts sued for were contracted. The debtor firm were customers of the plaintiffs before the dissolution ; and afterwards they continued business under the same name, without having given any public notice of the dissolution. The plaintiffs' witnesses testified, very positively that no personal notice of the dissolution had been given to them. The defendant testified, for himself, that about two weeks after his withdrawal from his firm he went to the store-house of the plaintiffs, in New York city, and told a person who inquired if he could do anything for him, and who appeared to have and exercise some authority, but who was unknown to him, that he had withdrawn from the firm of E. Leipzeiger & Co. This was all the notice he knew of having been given. Max Gabriel, the book-keeper of Leipzeiger & Co., testified that notice of the dissolution was given to the plaintiffs ; that a written notice was sent to them, but he did not know to whom it was given, nor did he personally send or give notice. E. Leipzeiger and Cohen, the other partners, say they gave no notice to the plaintiffs, and do not know whether any was given or not.

The court refused to give the following charge, asked by the plaintiffs : " Actual notice of the withdrawal of Meyer Sonneborn from the firm of E. Leipzeiger & Co., to all the persons with whom the ex-partners had dealings in partnership, is necessary for his protection. If this actual notice be not given to the creditors who had dealings with the partnership, Sonneborn, the retiring partner, will be held to the payment of the debts created by his late partners, in the partnership name, after his retirement." Three or four charges were given, which asserted unequivocally the liability of the defendant, if the plaintiffs had received no notice of the dissolution. We must, therefore, hold the charge quoted to have been properly refused, as incorrect, and tending to mislead the jury. The most patent meaning of it asserts the liability of the defendant, unless notice had been given to *all* the creditors of his firm.

[New Orleans, Mobile, and Chattanooga Railroad Co. *v.* Dunn.]

2. The interpretation of the eleventh charge of the plaintiffs, refused, seems to be, that if the jury find from the testimony of each of the partners of E. Leipzeiger & Co. that neither of them gave notice to the plaintiffs, through any person authorized to receive it, then Max Gabriel's testimony that notice was given, because E. Leipzeiger & Co. sent it, is insufficient proof of the fact. The fault of this charge is its assumption that no notice from E. Leipzeiger & Co. to the plaintiffs could have been given, except by some one of the partners himself. Gabriel's testimony, on this point, is very indefinite, and unsatisfactory, but not sufficiently so to authorize its exclusion. If some clerk of the firm, charged with the duty of preparing and giving such notice, had done so, though without the knowledge of the partners, it would be imputed to them. Ten (out of twelve) charges, directly on the matter of notice, affording ample instruction to the jury, had been given by the court on behalf of the plaintiffs. If the verdict is contrary to the law and the evidence, it cannot be set down to insufficient instructions.

3. Proceedings in an action in a state court will not be stayed, simply on the ground that the plaintiffs have taken proceedings to have defendants declared bankrupts. In such case, an order of the court of bankruptcy, adjudging the defendants bankrupts, must be made, before they are entitled to a stay of proceedings. *Maxwell* v. *Faxton,* 4 B. R. 60. The continuance required by section 21 of the bankrupt law is "upon the application of the bankrupt," after adjudication. The 42d section of the act places the party proceeded against in the position of a bankrupt only after adjudication. The bankrupt court has extraordinary powers of injunction, &c., but they must be invoked in that court.

The judgment is affirmed.